

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

March 20, 2014

Jane Peachy, Esq.
Assistant Federal Public Defender
51 Sleeper St., 5th Floor
Boston, MA 02210

Re:    U.S. v. Danielle Pazi

**SEALED**

Dear Ms. Peachy:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Danielle Pazi ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.    Change of Plea

On Friday, March 21, 2014, Defendant shall waive indictment and plead guilty to the Superseding Information attached to this Agreement charging her with the conversion of things of value to the United States (United States Treasury checks bearing proceeds of fraudulently-obtained federal income tax refunds) to the use of herself and others, and aiding and abetting the same, all in violation of 18 U.S.C. §§ 641, 2. Defendant expressly and unequivocally admits that she committed the crime charged in the Superseding Information, did so knowingly and willfully, and is in fact guilty of that offense.

The U.S. Attorney agrees not to charge Defendant with money-laundering under 18 U.S.C. § 1956 or § 1957 based on conduct underlying the crime charged in this case.

2.    Penalties

Defendant faces the following maximum penalties: incarceration for a period of 10 years; supervised release for a period of 3 years; a fine of $250,000, or twice the gross gain/loss, whichever is greatest; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Superseding Information.

Defendant also recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which Defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including defense counsel and the District Court, can predict to a certainty the effect of this conviction on Defendant's immigration status. Defendant nevertheless affirms her decision to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is Defendant's automatic removal from the United States.

3.    Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine. In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The parties agree with respect to the application of the United States Sentencing Guidelines that:

> (i)     in accordance with U.S.S.G. § 2B1.1, Defendant's base offense level is 6, because the offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more;
>
> (ii)    in accordance with U.S.S.G. § 2B1.1(b)(1)(I), Defendant's offense level is increased by 16, because the combined value of the fraudulent United States Treasury checks negotiated through and by Defendant, including those negotiated through co-conspirator G.G., is currently known to be at least $1,147,215.76, but less than $2,500,000;
>
> (iii)   in accordance with U.S.S.G. § 2B1.1(b)(2)(B), Defendant's offense level is increased by 4, because the offense involved at least 50 victims but fewer than 250; and
>
> (iv)    the U.S. Attorney will argue that in accordance with U.S.S.G. § 3B1.3, Defendant's offense level is increased by 2, because Defendant abused a position of trust at her employer, whereas Defendant will argue that this provision does not apply to her.

2

The parties therefore agree that before accounting for acceptance of responsibility, Defendant's offense level is no more than 28.

In the event Defendant contends that there is a basis for departure from, or a sentence outside, the otherwise applicable Sentencing Guideline range based on her medical, mental and/or emotional condition, or otherwise intends to rely on any such condition at sentencing, Defendant will, forthwith upon request, execute all releases and other documentation necessary to permit the U.S. Attorney and her experts (including medical personnel of the Bureau of Prisons) to obtain access to Defendant's medical, psychiatric, and psychotherapeutic records and will also provide to the U.S. Attorney forthwith copies of any such records already in her possession. In addition, Defendant will authorize her care providers to discuss her condition with the U.S. Attorney and her agents (including medical personnel of the Bureau of Prisons), as well as experts retained by the U.S. Attorney. Defendant also agrees to submit to examinations and interviews with experts retained by and chosen by the U.S. Attorney (including medical personnel of the Bureau of Prisons).

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a).

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between Defendant's execution of this Agreement and sentencing Defendant:

- (a) Fails to admit a complete factual basis for the plea;

- (b) Fails to truthfully admit her conduct in the offense of conviction;

- (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (d) Fails to provide truthful information about her financial status;

- (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

3

     (g)     Intentionally fails to appear in Court or violates any condition of release;

     (h)     Commits a crime;

     (i)     Transfers any asset protected under any provision of this Agreement; or

     (j)     Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

Nothing in this Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.     Sentence Recommendation

In the event the U.S. Attorney determines that Defendant has not provided substantial assistance pursuant to this Agreement, the U.S. Attorney agrees to recommend the following sentence before the Court:

     (a)     incarceration at the low end of the Sentencing Guideline range as calculated by the U.S. Attorney in Paragraph 3;

     (b)     a fine within the Sentencing Guideline range as calculated by the U.S. Attorney, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

     (c)     36 months of supervised release;

     (d)     a mandatory special assessment in the amount of $100; and

     (e)     restitution in an amount up to the value of:

          (i)     the tax refund checks that Defendant and G.G. cashed, which is currently estimated to be $1,147,215.76;

          (ii)     the value of any lost income and expenses incurred by identity theft victims from any interference with their own legitimate tax

4

refunds, and

(iii)  the value of any lost income and expenses incurred by identity theft victims during participation in the investigation or prosecution of the offenses or attendance at proceedings related to the offenses, under 18 U.S.C. § 3663A(b)(4), which shall include fees for private investigators, credit reports, or credit-repair or credit-monitoring services,

all of which Defendant and any co-conspirators in any other case who are found liable for the same fraudulent tax refund checks shall be liable for jointly and severally.

Defendant reserves the right to argue for a different sentence.

Defendant agrees that she will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which she intends to rely at sentencing not later than seven days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least seven days before sentencing shall be deemed waived.

## 5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

## 6. Protection of Assets for Payment of Restitution and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

(a)  Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $2,500;

(b)  Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $2,500 per month; and

(c)  Attorney's fees incurred in connection with this criminal case.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.    Waiver of Rights to Appeal and to Bring Collateral Challenge

(a)    Defendant has conferred with his/her attorney and understands that he/she has the right to challenge both his/her conviction and his/her sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) on direct appeal. Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. §2255, 28 U.S.C. §2241, or 18 U.S.C. §3582(c), that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution) set aside or reduced.

(b)    Defendant waives any right to challenge Defendant's conviction on direct appeal or in a future proceeding (collateral or otherwise).

(c)    Defendant agrees that, if the Court grants the U.S. Attorney's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and does, in fact, depart downward on that basis, Defendant will not file a direct appeal nor challenge in a future proceeding (collateral or otherwise) Defendant's sentence (including any orders relating to supervised release, fines, forfeiture, and restitution). If the Court does not downwardly depart pursuant to U.S.S.G. §5K1.1, Defendant agrees not to file a direct appeal nor challenge in a future proceeding (collateral or otherwise) any imprisonment sentence at or lower than the high end of the Sentencing Guideline range as calculated by the U.S. Attorney in Paragraph 3, or any orders relating to supervised release, fines, forfeiture, and restitution. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Agreement.

(d)    The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, the U.S. Attorney will not appeal any imprisonment sentence at or higher than the low end of the Sentencing Guideline range as calculated by the U.S. Attorney in Paragraph 3.

(e)    Notwithstanding the previous subparagraphs, Defendant reserves the right

6

to claim that Defendant's lawyer was ineffective in connection with the negotiation of this plea agreement or the entry of the guilty plea.

8.    Other Post-sentence Events

    (a)    In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or challenges in a future proceeding (collateral or otherwise) Defendant's sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or future challenge (collateral or otherwise) is waived as a result of the waiver in Paragraph 7(c)).

    (b)    If, notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks re-sentencing, Defendant agrees not to seek to be re-sentenced with the benefit of any change to the Criminal History Category that the Court calculated at the time of Defendant's original sentencing, except to the extent that Defendant has been found actually factually innocent of a prior crime.

    (c)    In the event of a re-sentencing following an appeal from or future challenge (collateral or otherwise) to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from and a sentence outside the USSG if, and to the extent, necessary to reinstate the sentence the U.S. Attorney advocated at Defendant's initial sentencing pursuant to this Agreement.

9.    Cooperation

    (a)    Terms of Cooperation:    Defendant agrees to cooperate fully with law enforcement agents and government attorneys. Defendant must provide complete and truthful information to all law enforcement personnel. If Defendant's testimony is requested, she must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to her by any law enforcement agents or government attorneys and must not withhold any information. Defendant must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, Defendant must furnish all documents, objects and other evidence in Defendant's possession, custody or control that are relevant to the government's inquiries.

Defendant understands that she has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which she has been charged. To facilitate her

7

cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or her counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights she may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

(b)  Substantial Assistance Motion:  In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will file a motion under U.S.S.G. § 5K1.1 to recommend that the Court impose a sentence below the advisory Sentencing Guideline range.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review.  This determination will be made based on the truthfulness and value of Defendant's assistance, regardless of the outcome or result of any proceeding or trial. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of her pretrial release, violates any of the requirements of honesty and candor detailed above, or engages in any criminal conduct after the date she signs this Agreement.

Defendant may not withdraw her plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

(c)  Sentence Recommendation with Substantial Assistance:  If Defendant provides substantial assistance, subject to all the provisions of subparagraphs (a) and (b) above, the U.S. Attorney will advise the Court of the full nature, extent and value of the assistance provided by Defendant.   The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at

8

Defendant's sentencing.

(d) Letter Immunity: In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated February 11, 2013 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution: (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against Defendant in the District of Massachusetts, including, but not limited to, false statements and perjury.

## 11.    Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral

9

challenge.

### 12. Forfeiture

Defendant hereby waives and releases any claims she may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

### 13. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning Defendant's assets.

### 14. Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in Paragraph 1 of this Agreement.

### 15. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 16. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by Defendant, and any information, materials, documents or objects which may be provided by Defendant to the government subsequent to this Agreement, or pursuant to the proffer agreement dated February 11, 2013, without any limitation. In this regard, Defendant hereby waives any defense to any

10

charges which Defendant might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

17.     Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

18.     Complete Agreement

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated February 11, 2013. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated February 11, 2013, subject to paragraph 16 above. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
CYNTHIA A. YOUNG
Chief, Criminal Division
JAMES D. HERBERT
Deputy Chief, Criminal Division

11

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter and that I have received no prior offers to resolve this matter. I understand the crime to which I have agreed to plead guilty, the maximum penalties for that offense and Sentencing Guideline penalties potentially applicable to it. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Danielle Pazi
Defendant

Date: 3 21 . 14

I certify that Danielle Pazi has read this Agreement and that we have discussed its meaning. I believe that she understands the Agreement and is entering into the Agreement freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers to resolve this matter.

Jane Peachy, Esq.
Attorney for Defendant

Date: 3/21/14

12